UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **MARVIN ALLEN,** | ) | CASE NO.1:15CV2090 |
| | ) | |
| **Plaintiff,** | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| Vs. | ) | |
| | ) | |
| **NCL AMERICA, LLC.,** | ) | **OPINION AND ORDER** |
| | ) | |
| **Defendant.** | ) | |

**CHRISTOPHER A. BOYKO, J:**

This matter comes before the court upon Defendant NCL America LLC's Motion (ECF DKT No. 15 ) to Dismiss for Failure to State a Claim Upon Which Relief May be Granted pursuant to Federal Rule of Civil Procedure 12(b)(6). For the following reasons, the Court GRANTS in part and DENIES in part Defendant's Motion to Dismiss.

**I. Facts**

Plaintiff, Marvin Allen (hereafter "Plaintiff"), filed this action against Defendant NCL America (hereafter "Defendant") alleging injuries sustained while employed aboard Defendant's vessel, M/S "Pride of America." Plaintiff alleges three causes of action: (1) Negligence Under the Jones Act, (2) Unseaworthiness in Violation of General Maritime Law,

and (3) Breach of Maintenance and Cure.

According to the Complaint[1], Plaintiff, a resident of Michigan, was employed by the Defendant aboard the M/S "Pride of America." (Compl. ¶¶ 1, 4). Plaintiff served as a member of the crew in the capacity of "utility hotel" and/or "utility galley." (Compl. ¶ 4). On or about May 20, 2015, Plaintiff was assigned to work in the galley where he was required to carry a tray of silverware from the dishwasher to a table. (Compl. ¶ 6). While carrying the tray of silverware, Plaintiff struck his knee on the leg of a table. (*Id.*) Plaintiff continued working and again struck his knee on a table leg while carrying a stack of plates. (*Id.*) Plaintiff alleges that as a direct result of the Defendant's negligence, he "[s]ustained great physical pain, mental anguish, and extreme shock to the nervous system . . . ." (Compl. ¶ 8). Defendant now moves to dismiss all counts pursuant to Fed. R. Civ. P. 12(b)(6), asserting that Plaintiff has failed to comply with *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). (ECF DKT No. 15 ).

## II. Legal Standard

**Civil Rule 12(b)(6) Standard**

In deciding a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the court must accept as true all of the factual allegations contained in the complaint. *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007). The court need not, however, accept conclusions of law as true:

> Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." As the Court held in [*Bell Atlantic v.*] *Twombly*, 550 U.S. 544, 127 S.Ct. 1955

---

[1] For the purposes of this Opinion, the Court will refer to the allegation and causes of action asserted in Plaintiff's First Amended Complaint. (ECF DKT No. 14 ).

> [(2007)], the pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned, the-Defendant-unlawfully-harmed-me accusation. *Id.* at 555. A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557.
>
> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id.* at 570. A claim has facial plausibility when the Plaintiff pleads factual content that allows the court to draw the reasonable inference that the Defendant is liable for the misconduct alleged. *Id.* at 556. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a Defendant has acted unlawfully. *Id.* Where a complaint pleads facts that are "merely consistent with" a Defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* at 557.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

According to the Sixth Circuit, the standard described in *Twombly* and *Iqbal* "obliges a pleader to amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim *plausible*." *Weisbarth v. Geauga Park Dist.*, 499 F.3d 538, 541 (6th Cir.2007) (quoting *Iqbal v. Hasty*, 490 F.3d 143, 157-58 (2nd Cir.2007)).

The Court should disregard conclusory allegations, including legal conclusions couched as factual allegations. *Twombly*, 550 U.S. at 555; *J & J Sports Prods. v. Kennedy*, No. 1:10CV2740, 2011 U.S. Dist. LEXIS 154644, *4 (N.D.Ohio Nov. 3, 2011).

"Rule 12(b)(6) does not countenance ... dismissals based on a judge's disbelief of a complaint's factual allegations ... a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable ..." *Twombly*, 550 U.S. at 556.

In ruling on a motion to dismiss, "the Court may *only* consider documents attached to, incorporated by, or referred to in the pleadings." *Whittiker v. Deutsche Bank National Trust Company*, 605 F.Supp.2d 914, 924 (N.D.Ohio 2009). (Emphasis added).

### III. Legal Analysis

**A. Negligence Under the Jones Act**

Under the Jones Act, an employer has a duty to provide a safe work place for its employees. *See Rannals v. Diamond Jo Casino*, 265 F.3d 442, 449 ( 6th Cir. 2001). The Jones Act, in its pertinent part, provides that "[a]ny seaman injured in the course of employment . . . may elect to bring a civil action of law. . . against the employer." 46 U.S.C.A. § 30104. Proof of negligence (duty and breach) is essential to recovery under the Jones Act. *See Perkins v. American Elec. Power Fuel Supply*, 246 F.3d 593, 598 (6th Cir. 2001)*; See also Chandris, Inc. v. Latis*, 515 U.S. 347, 354 (1995) (noting that, "The Jones Act provides a cause of action in negligence for 'any seaman' injured in the course of his employment.") The Sixth Circuit has held that in order to recover for injuries caused by the alleged negligence of an employer under the Jones Act, a plaintiff must show that their employer failed to provide a safe workplace by neglecting to cure or eliminate obvious dangers of which the employer knew or should have known and that such failure caused the plaintiff's injuries. *Rannals*, 265 F.3d at 449. It is a fundamental principal under the Jones Act that an employer must have notice and the opportunity to correct an unsafe condition before liability will attach. *Id.*, quoting *Havens v. F/T Mist*, 996 F.2d 215, 218 (9th Cir. 1993); *See also Sinclair v. Long Island R.R.*, 985 F.2d 74, 76 (2nd Cir. 1993). Further, the plaintiff must show actual or constructive notice to the

employer of the defective condition that caused the injury.  *Rannals*, 265 F.3d at 450. *See also Perkins v. American Elec. Power Fuel Supply, Inc.*, 246 F.3d 593, 599 (6th Cir. 2001).

### 1. Plaintiff Fails to State a Claim Under the Jones Act

Defendant moves to dismiss Plaintiff's Jones Act claim, asserting that Plaintiff has failed to state a claim upon which relief may be granted.  The Court finds that Plaintiff's cause of action under the Jones Act exemplifies the type of "bare-bones" allegations that *Twombly* and *Iqbal* prohibit.  Plaintiff's Complaint is a formalistic recitation of the elements of the cause of action and contains conclusory language not supported by sufficient factual matter to state a claim that Defendant was negligent.

In Count One, Plaintiff alleges that Defendant was negligent of one or more negligent acts. (Compl.¶ 7).  Count One alleges:

> 7 Defendant, by its agents, servants and employees, were then and there guilty of one or more of the following negligent acts and/or omissions including, but not limited to:
>
> a) Failing to provide a vessel which was safe for those required to work on and around said vessel and to prevent against the unseaworthiness of said vessel;
>
> b) Failing to discover, inform and warn those required work on the vessel, and Plaintiff, Marvin Allen, in particular, of the latent and/or patent defects and/or dangerous conditions then and there existing on said vessel;
>
> c) Failing to correct such latent and/or patent defects and/or dangerous conditions which defendant knew, or in the exercise of reasonable care should have known, presented an unreasonable risk of injury to persons on the vessel;
>
> d) Failing to properly instruct and supervise the employees it did

>hire so that those required to work on said vessel would work
>without being placed in danger of injury, or otherwise failing to
>assign Plaintiff to work for which he had been properly trained
>and or instructed.
>
>e) Failing to provide Plaintiff with adequate assistance to perform the
>work to which he was assigned;
>
>f) Failing to properly monitor and supervise Plaintiff's work activities
>and minimize, reduce or otherwise eliminate unnecessary
>exposure to recognized risks and hazards.
>
>(Compl. pgs 3-4).

Plaintiff's factual allegations offer no insight into the basis of the claim. Plaintiff's Complaint provides one paragraph of facts, which in its entirety reads:

>6 On or about May 20, 2015 Plaintiff was assigned to work in the
>galley and was required to carry a large and heavy tray of silverware from the
>dishwasher to a steel table, without adequate instruction, training and/or
>assistance, when he struck his left knee on the leg of the table; Plaintiff
>continued working and struck his left knee on a table leg, a second time while
>carrying a large stack of plates, again without adequate instruction, training
>and/or assistance.

(Compl. ¶ 6).

The fact that Plaintiff was carrying either plates or silverware at the time he walked into a table alone does not give rise to a claim. Plaintiff alleges that Defendant was negligent by failing to discover, warn and correct such "latent and/or patent defects and/or dangerous conditions which Defendant knew, or in the exercise of reasonable care should have known, presented an unreasonable risk of injury to persons on the vessel." (Compl.¶ 7 ).   Plaintiff also alleges that Defendant was negligent by failing to properly instruct, train and supervise their employees.  (*Id.*).   Plaintiff's conclusory allegations are not supported by any factual matter.  Plaintiff's Complaint fails to provide factual

allegations regarding what was wrong with the table; what about the table required a warning from his employer; what about the table constituted a latent or patent danger for which the employer was responsible and how or why Defendant knew or should have known about the risk or hazard. Further, Plaintiff fails to allege any facts to support how Defendant's lack of instruction or training proximately caused Plaintiff's injuries. Under the pleading standards articulated in *Twombly* and *Iqbal*, Plaintiff's allegations lack sufficient detail to create plausible causes of action against Defendant. *See Twombly*, 550 at 555; *Iqbal*, 556 at 678.

Further, to recover under the Jones Act, Plaintiff must first establish "the breach of duty to protect against foreseeable risks of harm." *Perkins*, 246 F.3d at 598, citing *Hernandez v. Trawler Miss Vertie Mae, Inc*., 187 F.3d 432, 437 (4th Cir. 1999). The Sixth Circuit has held that in order to be liable under the Jones Act, an employer must first have notice and opportunity to correct an unsafe condition before liability attaches. *Rannals*, 265 F.3d at 449. Therefore, Plaintiff needs to establish that Defendant knew or should have known of the unsafe working condition in order for the Court to infer negligence. *See Perkins*, 246 F.3d at 599, quoting *Havens v. F/T Polar Mist*, 966 F.2d 215, 218 (9th Cir. 1993) (stating "There must be some evidence from which the trier of fact can infer that the owner either knew, or in the exercise of due care, should have know of the unsafe condition.") Plaintiff's conclusory statements of the element of notice, without sufficient factual matter is not enough. Plaintiff's Complaint does not set forth any facts alleging that Defendant had actual or constructive notice and the opportunity to correct whatever the alleged dangerous condition may be. Absent facts to

show that Defendant knew or should have known that the table was dangerous or defective, Plaintiff has failed to state a claim to relief that Defendant breached a duty to protect Plaintiff from a foreseeable risk.

Having found that the legal conclusions in Plaintiff's Complaint fail to support the cause of action under *Iqbal* and *Twombly*, the Court Grants Defendant's Motion to Dismiss Count I.

**B. The Doctrine of Seaworthiness**

Aside from an action for negligence under the Jones Act, a plaintiff may seek to establish employer liability for injury suffered as a result of the unseaworthiness of the vessel. Under the seaworthiness doctrine, a ship owner is strictly liable for personal injuries by his or her vessel's "unseaworthiness." *Churchwell v. Bluegrass Marine, Inc.*, 444 F.3d 898, 904 (6th Cir. 2006), citing *Mitchell v. Trawler Racer, Inc.*, 362 U.S. 539, 549 (1960). However, a ship owner is not required to furnish an accident-free ship. *Mitchell*, 362 U.S. at 550. A vessel is deemed unseaworthy if the vessel and its appurtenances are not "reasonably fit for their intended use." *Id.* A vessel may be unseaworthy because of defective gear, unfit or understaffed crew, or because its crew is instructed to use unsafe work methods. *Taylor v. TECO Barge Line, Inc.*, 517 F.3d 372, 383 (6th Cir. 2008).

The Supreme Court has explained the distinction between Jones Act negligence and unseaworthiness actions. In *Usner v. Luckenbach Overseas Corp.*, 400 U.S. 494 (1971), the Supreme Court clarified that

> liability based upon unseaworthiness is wholly distinct from liability based upon negligence. The reason ... is that unseaworthiness is a

> *condition,* and how that condition came into being-whether by negligence or otherwise-is quite irrelevant to the owner's liability for personal injuries resulting from it.

Id. at 498. To prevail on an unseaworthiness claim, a plaintiff must establish that a vessel's unseaworthy condition was the proximate cause of the plaintiff's injuries. *Miller v. American President Lines*, 989 F2.d 1450, 1463-64 (6th Cir. 1993). A vessel's unseaworthiness is the proximate cause of a plaintiff's injuries if it was a *substantial* factor in causing such injuries. *Churchwell*, 444 F.3d at 904 (Emphasis added).

### 1. Plaintiff Fails to State a Claim for Unseaworthiness Under General Maritime Law

Plaintiff alleges that the M/S "Pride of America's" unseaworthy condition was the proximate cause of his injuries. (Compl. ¶ 12). Specifically, Plaintiff alleges that Defendant failed to adequately instruct, train and supervise the crew. (Compl. ¶ 7). Defendant moves to dismiss Plaintiff's unseaworthiness claim, asserting that Plaintiff has failed to state a claim upon which relief may be granted. The Court finds that Plaintiff's unseaworthiness claim suffers from the same deficiencies as his Jones Act negligence claim. Plaintiff's unseaworthiness claim presents only conclusory legal conclusions proscribed by *Twombly* and *Iqbal*.

A vessel may be deemed unseaworthy because of defective gear, unfit or understaffed crew, or because its crew is instructed to use unsafe work methods. *Churchwell*, 444 F.3d at 904. Plaintiff asserts that Defendant failed to properly instruct, supervise and train employees and therefore, concludes that the M/S "Pride of America" was unseaworthy. While inadequate training or an unfit crew may give rise to an

9

unseaworthy claim, Plaintiff has failed to plead sufficient factual matter to state a claim that is plausible on its face. Merely walking into a table twice does not alone render a vessel unseaworthy. Plaintiff's Complaint fails to provide factual allegations regarding how Defendant has failed to adequately instruct, train and supervise the crew. Further, Plaintiff fails to include any facts reflecting that Defendant's inadequate training and supervision substantially caused his injuries to occur. Plaintiff's formulaic recitation of the elements is the exact "Defendant-unlawfully-harmed-me" accusation that is prohibited by *Twombly* and *Iqbal*.

Plaintiff has failed to provide factual content that allows the Court to draw the reasonable inference that Defendant is liable for the alleged misconduct. Therefore, the Court Grants Defendant's Motion to Dismiss Count II.

**C. Maintenance and Cure Law**

In *Blainey v. American Steamship Co.*, 990 F.2d 885 (6th Cir 1993), the Sixth Circuit provided the following basic synopsis of maintenance and cure law:

> Rather than relying upon the protection of workers' compensation statutes, seamen who suffer illness or injury on the job look to a unique package of remedies. Due to "historical tradition and the realization that seamen are required to endure special perils and hardships," federal common law of the sea accords seamen special relief not available to other workers, including maintenance [and] cure.... Thomas J. Schoenbaum, *Admiralty and Maritime Laws* § 5–1 (1987). Maintenance refers to a shipowner's obligation to provide a mariner with food and lodging if he becomes injured or falls ill while in service of the ship, while cure alludes to the duty to provide necessary medical care and attention. *See Al–Zawkari v. American S.S. Co.,* 871 F.2d 585, 586 n. 1 (6th Cir.1989). A shipowner is liable to pay maintenance and cure to the point of maximum cure, that is, when the seaman's affliction is cured or declared to be permanent. *See Farrell v. United States,* 336 U.S. 511, 517–19 (1949).

*Blainey*, 990 F.2d at 886-87. The courts have broadened the duty to pay maintenance and cure. It is well-settled that maintenance and cure is payable even though the shipowner is not at fault and regardless of whether the seaman's employment caused the injury or illness. *See Stevens v. McGinnis, Inc.*, 82 F.3d 1353, 1357 (6th Cir. 1996), citing *Calmer S.S. Corp. v. Taylor*, 303 U.S. 525, 527 (1938). To recover for maintenance and cure, a plaintiff need show only that (1) he was working as a seaman, (2) he became ill or injured while in the vessel's service, and (3) he lost wages or incurred expenditures relating to the treatment of the illness or injury. *See West v. Midland Enterprises*, Inc. 227 F.3d 613, 616 (6th Cir. 2000). When there are ambiguities or doubts, they are resolved in favor of the seaman. *See Id.*, citing *Vaughan v. Atkinson*, 369 U.S. 527, 532 (1962).

### 1. Plaintiff's Claim for Breach of Maintenance and Cure

Plaintiff alleges that Defendant has wrongly delayed and/or refused to provide maintenance and cure benefits. (Compl. ¶ 15). Defendant now moves to dismiss Plaintiff's claim, asserting that Plaintiff has improperly plead his maintenance and cure claim.

To state a claim for breach of maintenance and cure, a plaintiff need only plead that while working as a seaman he became ill or injured, and lost wages or incurred expenditures relating to the treatment of the illness or injury. *See West*, 227 F.3d at 616. In the instant matter, Plaintiff has pled that while employed on the M/S "Pride of America" he sustained an injury that has resulted in expenditures relating to his injury. Specifically, Plaintiff alleges "As a result of said occurrences and of said injuries, [Plaintiff] has become liable for and required to expend large sums of money for the

receipt of hospital, medical, and surgical care, and treatment and will continue to do so in the future." (Compl. ¶ 13).

Plaintiff further alleges that punitive damages are available due to Defendant's willful disregard of its maintenance and cure obligation. (Compl. ¶ 15). In *Atlantic Sounding Co. v. Townsend*, 557 U.S. 404 (2009), the Court held that a seaman was entitled, as a matter of general maritime law, to seek punitive damages for his employers alleged willful and wanton disregard of its maintenance and cure obligation. *See Atlantic*, 557 U.S. at 424 holding:

> Because punitive damages have long been an accepted remedy under general maritime law, and because nothing in the Jones Act altered this understanding, such damages for the willful and wanton disregard of the maintenance and cure obligation should remain available in the appropriate case as a matter of general maritime law.

Plaintiff has made a claim for punitive damages in Count III, in light of Defendant's alleged willful and wanton failure to pay Plaintiff maintenance and cure benefits.

The Court finds that Plaintiff's Complaint against Defendant sufficiently states a plausible claim for breach of maintenance and cure.  Therefore,  Defendant's Motion to Dismiss Count III is denied.

## IV. Conclusion

For these reasons, the Motion ( ECF DKT No. 15 ) of Defendant, NCL America, to Dismiss pursuant to Fed.R.Civ.P. 12(b)(6) is GRANTED in part and DENIED in part.

IT IS SO ORDERED.


                                        s/ Christopher A. Boyko
                                        CHRISTOPHER A. BOYKO
                                        United States District Judge

Dated:  March 29, 2016