UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MARVIN ALLEN, | ) | CASE NO.1:15CV2090 |
| | ) | |
| Plaintiff, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| Vs. | ) | |
| | ) | |
| NCL AMERICA, LLC., | ) | OPINION AND ORDER |
| | ) | |
| Defendant. | ) | |

**CHRISTOPHER A. BOYKO, J:**

This matter comes before the Court upon Defendant NCL America LLC's Motion (ECF DKT No. 35) to Dismiss Plaintiff's Second Amended Complaint. For the following reasons, the Court GRANTS in part Defendant's Motion to Dismiss.

Plaintiff filed his original Complaint on October 8, 2015, alleging injuries sustained while employed aboard Defendant's vessel, M/S "Pride of America." Plaintiff alleged three causes of action: (1) Negligence under the Jones Act, (2) Unseaworthiness in Violation of General Maritime Law, and (3) Breach of Maintenance and Cure. After filing an Amended Complaint to correctly identify the proper Defendant, Defendant moved to dismiss Plaintiff's Amended Complaint for failure to state a claim upon which relief could be granted. The Court granted, in part and denied in part, Plaintiff's Complaint, granting dismissal of Counts I and II of

his First Amended Complaint for failing to state sufficient facts.  The Court denied dismissal of his Breach of Maintenance and Cure claim.  In April 2016, the Court granted Plaintiff's Motion to Amend his Complaint and Defendant moved once again for dismissal.

Plaintiff's Second Amended Complaint alleges that Plaintiff is a 59 year old retired corrections officer hired by Defendant for the Utility Hotel position aboard its cruise ship, the M/S Pride of America.  On May 17, 2015, Defendant flew Plaintiff from Detroit, Michigan, Plaintiff's home, to Kahului, Hawaii, where he joined the vessel.  Without any notice, Plaintiff was reassigned to the Utility Galley position which required more physical capacity and exertion than the Utility Hotel position.

On May 20, 2015, while working in the galley, Plaintiff was required to carry a large, heavy tub of silverware from the dishwasher to an elevated transfer table within certain time constraints Plaintiff alleges were unreasonable.  As a result, Plaintiff struck his left knee on the exposed leg of the table not once but twice, the first while carrying a large tub of silverware, the second when carrying a large stack of plates.  Plaintiff severely injured his knee resulting ultimately in total knee replacement.

According to Plaintiff, Defendant was negligent in failing to maintain the galley area, including the transfer table, in a reasonably safe condition; failing to discover, inform and warn Plaintiff of the latent and/or patent defects and/or dangerous conditions existing in the galley, especially when obscured by carrying a large tub; failing to correct the above defects; failing to provide a reasonably safe work method; failing to instruct and supervise Plaintiff; failing to provide adequate assistance; failing to monitor and supervise; failing to assign Plaintiff work within his capacity; failing to inspect the vessel and the galley to discover and correct the unsafe

work conditions of which Defendant knew or should have known.   Plaintiff further alleges Defendant had constructive and/or actual knowledge of the unreasonably dangerous conditions of the galley; that Defendant had actual and/or constructive knowledge that its lack of advance notice of the change in Plaintiff's job and lack of training presented an unreasonable risk of danger to Plaintiff because of the heavy lifting requirements within unreasonable time constraints and that Defendant had actual and/ or constructive knowledge that this heavy lifting in unreasonable time constraints was unsafe for Plaintiff.

Plaintiff alleges claims for Negligence under the Jones Act, Unseaworthiness of the Vessel in violation of maritime law and Breach of its Duty of Maintenance and Cure.

Defendant moves to dismiss Counts I and II of Plaintiff's Second Amended Complaint for the same alleged deficiencies that prompted the dismissal of these claims in the first motion to dismiss.   According to Defendant, general maritime law applies to the claims in this action because the alleged tort occurred on navigable waters.  Furthermore, Plaintiff's claims at Counts I and II suffer the same factual deficiencies as his First Amended Complaint in that it fails to state with sufficient particularity what was wrong with the elevated table, what about the table required a warning or constituted a latent or patent danger, why Plaintiff needed instruction, training or assistance regarding how to walk and how to carry silverware or plates and how to avoid walking into the table, why he needed monitoring or supervision, what the exact risk or hazard was or how Defendant knew of the risk or hazard and what actual time constraints were imposed.

According to Defendant, Plaintiff never articulates what the dangers actually were or how any alleged failure to train, instruct or assist Plaintiff proximately caused his injuries and

3

there are no facts supporting Plaintiff's allegation that the Utility Galley position was more demanding than the Utility Hotel position. Moreover, Plaintiff never alleges Defendant knew of any unidentified physical limitation of Plaintiff.

Under the Jones Act, a Defendant must provide seaman employees a reasonably safe place to work and it breaches that duty when it disregards a danger of which it knew or should have known. However, it must first have notice and the opportunity to correct the danger. Furthermore, it is under no duty to warn of open and obvious dangers. Because Plaintiff fails to allege any facts that the table was anything but open and obvious and because Plaintiff has alleged no facts demonstrating Defendant knew the table was dangerous, Defendant argues Plaintiff's Negligence claim must be dismissed. Defendants further argue Plaintiff's Second Amended Complaint is entirely devoid of facts establishing that some negligent act on the part of Defendant proximately caused Plaintiff's injury. Therefore, Defendant contends it is entitled to dismissal of Count I.

Defendant also challenges the sufficiency of the Second Amended Complaint on Count II for the same reasons as Count I. Plaintiff's Second Amended Complaint asserts no facts supporting the conclusion that there was a defective condition on Defendant's ship nor does he allege Defendant had notice of any unsafe or defective condition aboard its ship prior to Plaintiff's injury. Plaintiff further fails to distinguish negligence and unseaworthiness. Lastly, Plaintiff's Second Amended Complaint never alleges how Defendant's vessel's alleged unseaworthiness resulted in his injuries.

Plaintiff's Response is straightforward and direct. He asserts the allegations in his Second Amended Complaint sufficiently state facts plausibly supporting his claims. He further

contends that because Defendant caused the hazardous condition it had constructive notice of the dangerous condition such that knowledge may be conferred upon Defendant. Plaintiff points to other Jones Act cases wherein the facts plead were no more detailed than those Plaintiff plead in this case yet they survived dismissal. Plaintiff concedes that an isolated act cannot support a claim of unseaworthiness but argues a series of negligent acts can. For these reasons, Plaintiff argues against dismissal.

**Civil Rule 12(b)(6) Standard**

In deciding a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the court must accept as true all of the factual allegations contained in the complaint. *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007). The court need not, however, accept conclusions of law as true:

> Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." As the Court held in [*Bell Atlantic v.*] *Twombly*, 550 U.S. 544, 127 S.Ct. 1955 [(2007)], the pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned, the-Defendant-unlawfully-harmed-me accusation. *Id.* at 555. A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557.
>
> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id.* at 570. A claim has facial plausibility when the Plaintiff pleads factual content that allows the court to draw the reasonable inference that the Defendant is liable for the misconduct alleged. *Id.* at 556. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a Defendant has acted unlawfully. *Id.* Where a complaint pleads facts that are "merely consistent with" a Defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* at 557.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

According to the Sixth Circuit, the standard described in *Twombly* and *Iqbal* "obliges a pleader to amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim *plausible*."  *Weisbarth v. Geauga Park Dist.*, 499 F.3d 538, 541 (6th Cir.2007) (quoting *Iqbal v. Hasty*, 490 F.3d 143, 157-58 (2nd Cir.2007)).

The Court should disregard conclusory allegations, including legal conclusions couched as factual allegations.  *Twombly*, 550 U.S. at 555; *J & J Sports Prods. v. Kennedy*, No. 1:10CV2740, 2011 U.S. Dist. LEXIS 154644, *4 (N.D.Ohio Nov. 3, 2011).

"Rule 12(b)(6) does not countenance ... dismissals based on a judge's disbelief of a complaint's factual allegations ... a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable ..." *Twombly*, 550 U.S. at 556.

In ruling on a motion to dismiss, "the Court may **only** consider documents attached to, incorporated by, or referred to in the pleadings."  *Whittiker v. Deutsche Bank National Trust Company*, 605 F.Supp.2d 914, 924 (N.D.Ohio 2009).  (Emphasis added).

**Jones Act**

As described in its prior opinion, under the Jones Act, an employer has a duty to provide a safe work place for its employees.  *See Rannals v. Diamond Jo Casino*, 265 F.3d 442, 449 ( 6th Cir. 2001).  The Jones Act, in its pertinent part, provides that "[a]ny seaman injured in the course of employment . . . may elect to bring a civil action of law. . . against the employer."  46 U.S.C.A. § 30104.  Proof of negligence (duty and breach) is essential to recovery under the Jones Act.  *See Perkins v. American Elec. Power Fuel Supply*, 246 F.3d 593, 598 (6th Cir. 2001)*; See also Chandris, Inc. v. Latis*, 515 U.S. 347, 354 (1995) (noting that, "The Jones Act provides a cause of action in negligence for 'any seaman' injured in the course of his

6

employment.") The Sixth Circuit has held that in order to recover for injuries caused by the alleged negligence of an employer under the Jones Act, a plaintiff must show that their employer failed to provide a safe workplace by neglecting to cure or eliminate obvious dangers of which the employer knew or should have known and that such failure caused the plaintiff's injuries. *Rannals*, 265 F.3d at 449. It is a fundamental principal under the Jones Act that an employer must have notice and the opportunity to correct an unsafe condition before liability will attach. *Id.*, quoting *Havens v. F/T Mist*, 996 F.2d 215, 218 (9th Cir. 1993); *See also Sinclair v. Long Island R.R.*, 985 F.2d 74, 76 (2nd Cir. 1993). Further, the plaintiff must show actual or constructive notice to the employer of the defective condition that caused the injury. *Rannals*, 265 F.3d at 450. *See also Perkins v. American Elec. Power Fuel Supply, Inc.*, 246 F.3d 593, 599 (6th Cir. 2001).

> Plaintiff's key factual allegations are as follows:
>
> On or about May 20, 2015 Plaintiff was assigned to work in the galley and was required to carry a large, hard-to-handle and excessively heavy tub of silverware from the dishwasher and lift it onto an elevated steel transfer table, within strict and unrealistic time constraints, when he was caused to strike his left knee on the exposed leg of the table, because of the manner he was required to position himself in order to lift the excessively heavy tub of silverware above chest level; Plaintiff continued working and was caused to strike his left knee on the elevated transfer table leg, a second time while lifting a large stack of plates onto the elevated table.

(Second Amended Complaint ¶8).

Under *Rannals*, Plaintiff must demonstrate Defendant failed to cure or eliminate an obvious danger which the Defendant knew or should have known about. Exactly what the danger is here is unknown. Under *Twombly* and *Iqbal,* Plaintiff must allege sufficient facts to render his claims plausible. Absent an allegation that there was something uniquely or

7

inherently dangerous about the particular table on which Plaintiff banged his knee twice, Plaintiff has not asserted a plausible claim for a Jones Act Negligence claim. There is nothing inherently dangerous about a table in a galley. There is no allegation that others were injured by this table, and there are no facts alleged supporting the conclusion that the table suffered some design defect or that there is some hidden danger in the table that Defendant knew of yet failed to correct. Plaintiff's addition of facts, including the allegation that Defendant imposed time constraints and Plaintiff was required to lift the tub of silverware chest high to put it on the elevated table do not make his claim more plausible. That the table was an elevated table militates against any claim it was anything other than open and obvious. Plaintiff does not allege it was obscured or difficult to see due to some condition created by or with the knowledge of Defendant. In short, without some factual basis for the allegation that an elevated table in a galley was defective or that Defendant had notice of its dangers, Plaintiff's claim for Jones Act negligence fails as a matter of law. Plaintiff has not asserted facts that any instrumentality he was required to use was defective nor has he asserted he was instructed to perform his duties in an unsafe manner. The lack of these allegations distinguishes this case from those cited by the parties and/or reviewed by the Court.[1] Therefore, for the foregoing reasons, the Court dismisses Plaintiff's claim for Negligence under the Jones Act.

**Unseaworthiness**

Aside from an action for Negligence under the Jones Act, a plaintiff may seek to establish employer liability for injury suffered as a result of the unseaworthiness of the vessel.

---

[1] Finally, Plaintiff's allegation that Defendant had constructive notice of the dangerous condition because Defendant caused it, if accepted by the Court, would render the notice requirement meaningless.

Under the seaworthiness doctrine, a ship owner is strictly liable for personal injuries by his or her vessel's "unseaworthiness." *Churchwell v. Bluegrass Marine, Inc.*, 444 F.3d 898, 904 (6th Cir. 2006), citing *Mitchell v. Trawler Racer, Inc.*, 362 U.S. 539, 549 (1960). However, a ship owner is not required to furnish an accident-free ship. *Mitchell*, 362 U.S. at 550. A vessel is deemed unseaworthy if the vessel and its appurtenances are not "reasonably fit for their intended use." *Id.* A vessel may be unseaworthy because of defective gear, unfit or understaffed crew, or because its crew is instructed to use unsafe work methods. *Taylor v. TECO Barge Line, Inc.*, 517 F.3d 372, 383 (6th Cir. 2008).

The Supreme Court has explained the distinction between Jones Act negligence and unseaworthiness actions. In *Usner v. Luckenbach Overseas Corp.*, 400 U.S. 494 (1971), the Supreme Court clarified that

> liability based upon unseaworthiness is wholly distinct from liability based upon negligence. The reason ... is that unseaworthiness is a *condition,* and how that condition came into being-whether by negligence or otherwise-is quite irrelevant to the owner's liability for personal injuries resulting from it.

Id. at 498. To prevail on an unseaworthiness claim, a plaintiff must establish that a vessel's unseaworthy condition was the proximate cause of the plaintiff's injuries. *Miller v. American President Lines*, 989 F2.d 1450, 1463-64 (6th Cir. 1993). A vessel's unseaworthiness is the proximate cause of a plaintiff's injuries if it was a *substantial* factor in causing such injuries. *Churchwell*, 444 F.3d at 904 (Emphasis added).

Plaintiff's Second Amended Complaint fails to state a claim of unseaworthiness upon which relief may be granted. Plaintiff offers no facts supporting a defective equipment or understaffed crew claim. Instead, Plaintiff contends Defendant used unsafe work methods

9

resulting in his injuries. However, this is a bare legal conclusion unsupported by any facts. Plaintiff relies on his representation that Defendant failed to provide Plaintiff with a reasonably safe work method which would not place him in an awkward position while lifting an unwieldy and excessively heavy tub to an elevated position. However, there are no facts alleged how requiring Plaintiff to work within time constraints to put away dishes or silverware creates an unseaworthy condition. All jobs have time constraints but Plaintiff makes no factual allegation of why or how his time constraints were unreasonable. Although he alleges the tub of silverware was heavy, he does not say he could not lift it without assistance nor does he allege he required or asked for assistance to lift the tub. Furthermore, the Defendant and the Court are left to speculate how lifting a heavy tub onto a table would have caused him to strike his knee on the table leg not once, but twice.

Nor does Plaintiff allege he was instructed to misuse equipment. "Even the misuse of properly functioning equipment may render a vessel unseaworthy if the misuse occurs at the direction of a superior." Churchwell, 444 F.3d at 904.

Plaintiff does not allege he was instructed to lift in an unsafe manner, nor does he assert facts that would support a plausible allegation of defective equipment causing his injuries. Lastly, he does not allege that Defendant failed to provide adequate or necessary safety equipment or that he was physically incapable of doing the task assigned him. Without plausible facts demonstrating defective equipment, inadequate staffing or unsafe instruction, Plaintiff's Second Amended Complaint fails to allege a claim of unseaworthiness and the Court grants Defendant's Motion to Dismiss.

Therefore, the Court grants Defendant's Motion to Dismiss Plaintiff's Negligence claim under the Jones Act and Unseaworthiness claim.  Because Defendant did not move on Plaintiff's Maintenance and Cure claim, the Court does not dismiss the entire Second Amended Complaint and the case shall proceed accordingly.

IT IS SO ORDERED.

    /s/Christopher A. Boyko
CHRISTOPHER A. BOYKO
United States District Judge